Case 5:21-cr-00188-JWH   Document 12   Filed 09/08/21   Page 1 of 11   Page ID #:91

FILED
CLERK, U.S. DISTRICT COURT
09/08/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>STEVE JACKSON RODRIGUEZ,<br><br>　　　　Defendant. | EDCR 5:21-cr-00188-JWH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2251(a), (e): Production of Child Pornography; 18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. § 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. §§ 2253, 2428, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

　　Beginning on an unknown date, and continuing until at least on or about March 14, 2017, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 4, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a

visual depiction of such conduct, namely, the video files titled "20170315_014555.mp4" and "20170315_014749.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT TWO

[18 U.S.C. §§ 2251(a), (e)]

Beginning on an unknown date, and continuing until at least on or about December 31, 2017, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video files titled "20180101_005747.mp4" and "20180101-010134.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT THREE

[18 U.S.C. §§ 2251(a), (e)]

Beginning on an unknown date, and continuing until at least on or about December 7, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 3, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video file titled "IMG_1428.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT FOUR

[18 U.S.C. §§ 2251(a), (e)]

Beginning on an unknown date, and continuing until at least on or about April 30, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 3, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video file titled, "IMG_2486.MOV," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT FIVE

[18 U.S.C. § 2422(b)]

Beginning on a date unknown and continuing to at least on or about June 24, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ used a facility and means of interstate and foreign commerce, namely, the Internet and a cellular telephone, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, namely, Minor Victim 3, whom defendant RODRIGUEZ knew to be under 18 years old, to engage in sexual activity for which a person can be charged with criminal offenses, namely, Statutory Rape – Minor Under the Age of 16 and Perpetrator Over the Age of 21, in violation of California Penal Code, Section 261.5(d), and Lewd Acts - Minor Child of 14 or 15 Years Old, in violation of California Penal Code, Section 288(c)(1).

COUNT SIX

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about August 11, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly possessed a Google cloud account registered to "Steve Rodriguez," that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant RODRIGUEZ possessed in his Google cloud account registered to "Steve Rodriguez," included, but was not limited to, videos titled:

(1) "7yo_Niece(8).mp4"

(2) "2012 -ell 04m17S (1).avi"

(3) "PTHC 2016 BIBIGON VID 5 LAST 12MIN A,F,D HD (1).mp4"

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four, and Count Six, of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the

defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2428 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense;

(b) All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                            /S/
                                      Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA CURTIS
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

SCOTT M. LARA
Assistant United States Attorneys
Violent and Organized Crime
Section