**FILED**
CLERK, U.S. DISTRICT COURT

**4/20/2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CD _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>STEVE JACKSON RODRIGUEZ,<br>CYR DINO BANGUGUILAN, and<br>MIGUEL BOCARDO,<br>　aka "Topo,"<br>　aka "Topo2,"<br><br>　　　　Defendants. | ED CR 21-188(B)-JWH<br><br>S E C O N D<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[18 U.S.C. § 2251A(b): Obtaining<br>Custody of a Minor for Purposes of<br>Producing Child Pornography;<br>18 U.S.C. §§ 2251(a), (e):<br>Production of Child Pornography;<br>18 U.S.C. § 2422(b): Enticement of<br>a Minor to Engage in Criminal<br>Sexual Activity; 18 U.S.C.<br>§§ 2252A(a)(2)(A), (b)(1):<br>Distribution and Receipt of Child<br>Pornography; 18 U.S.C.<br>§§ 2252A(a)(5)(B), (b)(2):<br>Possession of Child Pornography,<br>and Access with Intent to View<br>Child Pornography; 18 U.S.C.<br>§§ 2253, 2428, and 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Second Superseding Indictment:

1.　Minor Victim 1 was born in September 2009.

2.　Minor Victim 2 was born in March 2005.

3.    Minor Victim 3 was born in September 2004.

4.    Minor Victim 4 was born in June 1999.

5.    Minor Victim 1, Minor Victim 2, and Minor Victim 4, all lived at a group home in Chino, California, that housed and provided services to mentally and physically disabled children (the "Group Home").

6.    From in or around 2014 to 2016, defendant STEVE JACKSON RODRIGUEZ worked as a Certified Nursing Assistant at the Group Home, including for overnight shifts, from approximately midnight to 6:00 a.m.  On or about March 14, 2017, defendant RODRIGUEZ worked another overnight shift at the Group Home.  During these overnight shifts, defendant RODRIGUEZ was assigned to attend to approximately six mentally and physically disabled residents, including Minor Victim 1, Minor Victim 2, and Minor Victim 4.

7.    In December 2017 and January 2018, defendant RODRIGUEZ communicated by cellular telephone with the administrator of the Group Home to ask to return to work at the Group Home to work overnight shifts.

8.    In December 2017 and January 2018, defendant RODRIGUEZ's cellular telephone service provider was Sprint, a telecommunications provider that operated in interstate and foreign commerce.

9.    On or about January 1, 2018 and January 27, 2018, defendant RODRIGUEZ worked overnight shifts at the Group Home.  During these overnight shifts, defendant RODRIGUEZ was the sole person on staff attending to the six physically and mentally disabled residents in the Group Home, including Minor Victim 1 and Minor Victim 2.

10.    These Introductory Allegations are incorporated into each count of this Second Superseding Indictment.

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

On or about January 10, 2016, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the image file titled "663c5bd871bc97cff0fe0be455414f6d1.0-1.jpg," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

On or about February 7, 2016, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the image file titled "7c20edc1ea1da88d675fca00af5f278e1.0-1.jpg," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

On or about March 14, 2017, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video file titled "20170314_222941.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT FOUR

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

On or about March 15, 2017, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 4, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video files titled "20170315_014555.mp4" and "20170315_014749.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT FIVE

[18 U.S.C. § 2251A(b)]

[DEFENDANT RODRIGUEZ]

Beginning in or around December 2017, and continuing until on or about January 1, 2018, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ offered to obtain, and obtained, custody and control of Minor Victim 1 and Minor Victim 2, with knowledge that as a consequence of obtaining custody, Minor Victim 1 and Minor Victim 2 would be portrayed in a visual depiction engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), and with the intent to promote the engaging in of sexually explicit conduct by Minor Victim 1 and Minor Victim 2 for the purpose of producing any visual depiction of such conduct, and the offer was communicated and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by cellular telephone.

COUNT SIX

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

On or about January 1, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, including but not limited to the video files titled "20180101_005258.mp4," "20180101_005747.mp4," "20180101_010134.mp4," and "20180101_041109.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT SEVEN

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

On or about January 1, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 2, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video file titled "20180101_014805.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT EIGHT

[18 U.S.C. § 2251A(b)]

[DEFENDANT RODRIGUEZ]

Beginning in or around December 2017 and continuing until on or about January 27, 2018, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ offered to obtain, and obtained, custody and control of Minor Victim 1, with knowledge that as a consequence of obtaining custody, Minor Victim 1 would be portrayed in a visual depiction engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), and with the intent to promote the engaging in of sexually explicit conduct by Minor Victim 1 for the purpose of producing any visual depiction of such conduct, and the offer was communicated and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by cellular telephone.

COUNT NINE

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

On or about January 27, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video files titled "20180127_011432.mp4," "20180127_011654.mp4," "20180127_011802.mp4," and "20180127_011903.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TEN

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

Beginning on an unknown date, and continuing until at least on or about December 8, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 3, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video file titled "IMG_1428.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT ELEVEN

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT RODRIGUEZ]

Beginning on an unknown date, and continuing until at least on or about May 1, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 3, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, the video file titled, "IMG_2486.MOV," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet.

COUNT TWELVE

[18 U.S.C. § 2422(b)]

[DEFENDANT RODRIGUEZ]

Beginning on a date unknown and continuing to at least on or about June 24, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ used a facility and means of interstate and foreign commerce, namely, the Internet and a cellular telephone, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, namely, Minor Victim 3, whom defendant RODRIGUEZ knew to be under 18 years old, to engage in sexual activity for which a person can be charged with criminal offenses, namely, Statutory Rape – Minor Under the Age of 16 and Perpetrator Over the Age of 21, in violation of California Penal Code, Section 261.5(d), and Lewd Acts - Minor Child of 14 or 15 Years Old, in violation of California Penal Code, Section 288(c)(1).

COUNT THIRTEEN

[DEFENDANT BOCARDO]

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about June 30, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MIGUEL BOCARDO, also known as ("aka") "Topo," aka "Topo2," knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular telephone, knowing that the visual depictions were child pornography.

COUNT FOURTEEN

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

[DEFENDANT RODRIGUEZ]

On or about August 24, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant STEVE JACKSON RODRIGUEZ knowingly distributed an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an encrypted Internet-based messaging application, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular telephone, knowing that the image was child pornography.

The child pornography that defendant RODRIGUEZ distributed on or about August 24, 2021, consisted of three images sent via the Telegram application at or around 1:20 p.m., to Cyr Dino Banguguilan, that depicted defendant RODRIGUEZ orally copulating Minor Victim 1, a minor female.

COUNT FIFTEEN

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

[DEFENDANT BANGUGUILAN]

On or about August 24, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant CYR DINO BANGUGUILAN knowingly received an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, namely, an encrypted Internet-based messaging application, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular telephone, knowing that the image was child pornography.

The child pornography that defendant BANGUGUILAN received on or about August 24, 2021, consisted of three images sent via the Telegram application at or around 1:20 p.m., from Steve Jackson Rodriguez, that depicted Rodriguez orally copulating Minor Victim 1, a minor female.

1

                            COUNT SIXTEEN

2                [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

3                        [DEFENDANT RODRIGUEZ]

4       On or about August 11, 2021, in Los Angeles County, within the

5   Central District of California, and elsewhere, defendant STEVE

6   JACKSON RODRIGUEZ knowingly possessed a Google cloud account

7   registered to "Steve Rodriguez," that contained at least one image of

8   child pornography, as defined in Title 18, United States Code,

9   Section 2256(8)(A), which involved a prepubescent minor and a minor

10  who had not attained 12 years of age, that had been shipped and

11  transported using any means and facility of interstate and foreign

12  commerce and in and affecting interstate and foreign commerce by any

13  means, including by computer, knowing that the images were child

14  pornography.

15      The child pornography that defendant RODRIGUEZ possessed in his

16  Google cloud account registered to "Steve Rodriguez," included, but

17  was not limited to, videos titled:

18      (1)  "7yo_Niece(8).mp4"

19      (2)  "2012 -Ell 04m17S (1).avi"

20      (3)  "PTHC 2016 BIBIGON VID 5 LAST 12MIN A,F,D HD (1).mp4"

21

22

23

24

25

26

27

28

COUNT SEVENTEEN

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

[DEFENDANT BANGUGUILAN]

On or about August 24, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant CYR DINO BANGUGUILAN knowingly possessed a Telegram account that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular telephone, knowing that the images were child pornography.

The child pornography that defendant BANGUGUILAN possessed in his Telegram application account consisted of an image file received via the Telegram application from Steve Jackson Rodriguez, on or about August 24, 2021, at approximately 7:08 a.m., which defendant BANGUGUILAN viewed on or before August 24, 2021 at 7:17 a.m., and which depicted the penis of an adult male anally penetrating Minor Victim 1.

COUNT EIGHTEEN

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

[DEFENDANT BOCARDO]

On or about August 24, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MIGUEL BOCARDO, also known as ("aka") "Topo," aka "Topo2," knowingly accessed with intent to view a Telegram chat with Steve Jackson Rodriguez, which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular telephone, knowing that the image was child pornography.

The child pornography that defendant BOCARDO accessed with intent to view in his Telegram application consisted of a file received via the Telegram application on or about August 24, 2021, which defendant BOCARDO viewed on or about August 24, 2021, and which depicted a minor engaged in sexually explicit conduct.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Eleven or Thirteen through Eighteen of this Second Superseding Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following property:

(a)   All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)   All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)   All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), any

defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                FORFEITURE ALLEGATION TWO

2          [18 U.S.C. § 2428 and 28 U.S.C. § 2461(c)]

3      1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4 Procedure, notice is hereby given that the United States of America

5 will seek forfeiture as part of any sentence, pursuant to Title 18,

6 United States Code, Section 2428 and Title 28, United States Code,

7 Section 2461(c), in the event of the defendant's conviction of the

8 offense set forth in Count Twelve of this Second Superseding

9 Indictment.

10     2.   The defendant, if so convicted, shall forfeit to the United

11 States of America the following property:

12        (a)  All right, title, and interest in any property, real

13 or personal, that was used or intended to be used to commit or to

14 facilitate the commission of such offense;

15        (b)  All right, title, and interest in any property, real

16 or personal, constituting or derived from any proceeds obtained

17 directly or indirectly from such offense; and

18        (c)  To the extent such property is not available for

19 forfeiture, a sum of money equal to the total value of the property

20 described in subparagraphs (a) and (b).

21     3.   Pursuant to Title 21, United States Code, Section 853(p),

22 as incorporated by Title 28, United States Code, Section 2461(c), the

23 defendant, if so convicted, shall forfeit substitute property, up to

24 the total value of the property described in the preceding paragraph

25 if, as the result of any act or omission of the defendant, the

26 property described in the preceding paragraph, or any portion

27 thereof: (a) cannot be located upon the exercise of due diligence;

28 (b) has been transferred, sold to or deposited with a third party;

1  (c) has been placed beyond the jurisdiction of the court; (d) has

2  been substantially diminished in value; or (e) has been commingled

3  with other property that cannot be divided without difficulty.

4                                    A TRUE BILL

5

6                                    _____/S/_____

7                                    Foreperson

8  TRACY L. WILKISON
   United States Attorney

9

10

11 SCOTT M. GARRINGER
   Assistant United States Attorney

12 Chief, Criminal Division

13 JOANNA CURTIS
   Assistant United States Attorney

14 Chief, Violent and Organized
   Crime Section

15

16 SCOTT M. LARA
   Assistant United States Attorney

17 Violent and Organized Crime
   Section

18

19

20

21

22

23

24

25

26

27

28