1  STEPHANIE CHRISTENSEN
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   SCOTT M. LARA (Cal. Bar No. 296944)
4  Assistant United States Attorney
   Violent and Organized Crime Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0427
7       Facsimile: (213) 894-0141
        E-mail:   scott.lara@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10             UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. EDCR 21-0188(B)-JWH-1

13             Plaintiff,              AMENDED PLEA AGREEMENT FOR
                                       DEFENDANT STEVE JACKSON RODRIGUEZ
14             v.

15  STEVE JACKSON RODRIGUEZ,

16             Defendant.

17

18       1.   This constitutes the plea agreement between STEVE JACKSON

19  RODRIGUEZ ("defendant") and the United States Attorney's Office for

20  the Central District of California (the "USAO") in the above-

21  captioned case.  This agreement is limited to the USAO and cannot

22  bind any other federal, state, local, or foreign prosecuting,

23  enforcement, administrative, or regulatory authorities.

24                    DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26            a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to Counts One, Four,

28  Five, Six, Seven, Eight, Nine, and Twelve of the Second Superseding

1   Indictment in <u>United States v. Steve Jackson Rodriguez et al.</u>, CR 21-

2   0188(B)-JWH, which charges defendant with:

3                 i.   Obtaining Custody of a Minor for Purposes of

4   Producing Child Pornography, in violation of 18 U.S.C. § 2251A(b);

5                 ii.   Production of Child Pornography, in violation of

6   18 U.S.C. §§ 2251(a), (e); and

7                 iii. Enticement of a Minor to Engage in Criminal

8   Sexual Activity, in violation of 18 U.S.C. §§ 2422(b).

9         b.   Not contest facts agreed to in this agreement.

10         c.   Abide by all agreements regarding sentencing contained

11   in this agreement.

12         d.   Appear for all court appearances, surrender as ordered

13   for service of sentence, obey all conditions of any bond, and obey

14   any other ongoing court order in this matter.

15         e.   Not commit any crime; however, offenses that would be

16   excluded for sentencing purposes under United States Sentencing

17   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

18   within the scope of this agreement.

19         f.   Be truthful at all times with the United States

20   Probation and Pretrial Services Office and the Court.

21         g.   Pay the applicable special assessments at or before

22   the time of sentencing unless defendant has demonstrated a lack of

23   ability to pay such assessments.

24         h.   Defendant agrees that any and all criminal debt

25   ordered by the Court will be due in full and immediately. The

26   government is not precluded from pursuing, in excess of any payment

27   schedule set by the Court, any and all available remedies by which to

28

1  satisfy defendant's payment of the full financial obligation,
2  including referral to the Treasury Offset Program.

3         i.  Complete the Financial Disclosure Statement on a form
4  provided by the USAO and, within 30 days of defendant's entry of a
5  guilty plea, deliver the signed and dated statement, along with all
6  of the documents requested therein, to the USAO by either email at
7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
9  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
10  criminal debt shall be assessed based on the completed Financial
11  Disclosure Statement and all required supporting documents, as well
12  as other relevant information relating to ability to pay.

13         j.  Authorize the USAO to obtain a credit report upon
14  returning a signed copy of this plea agreement.

15         k.  Consent to the USAO inspecting and copying all of
16  defendant's financial documents and financial information held by the
17  United States Probation and Pretrial Services Office.

18         l.  Agree to and not oppose the imposition of lifetime
19  supervised release containing the following conditions of supervised
20  release:

21                i.  that defendant does not obtain, retain, apply
22  for, reapply for, or contest the revocation of, his nursing license
23  or any license to provide medical care for patients.

24                ii.  Defendant shall register as a sex offender, and
25  keep the registration current, in each jurisdiction where defendant
26  resides, where defendant is an employee, and where defendant is a
27  student, to the extent the registration procedures have been
28  established in each jurisdiction.  When registering for the first

3

time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

iii. Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iv.  As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

v.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The defendant shall not possess or view any materials such as videos,

4

magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

vi.  Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vii. Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

viii.  Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

ix.  Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product

5

is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

x.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

xi.  Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xii. Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xiii.    Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiv.    The defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers (ISPs), social media accounts, messaging applications and cloud storage accounts that have been disclosed to the Probation Officer upon commencement of supervision.    Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices are those personal computers, internet appliances, electronic games, cellular telephones, digital storage media, and their peripheral equipment that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers to view, obtain or transmit materials with depictions of sexually explicit conduct involving children, as defined by 18 U.S.C. § 2256(2).

xv.    All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.    This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xvi. Defendant shall comply with the rules and regulations of the Computer Monitoring Program.    Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

xvii.    Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

### THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

1        b.   Abide by all agreements regarding sentencing contained

2  in this agreement.

3        c.   At the time of sentencing, move to dismiss the

4  remaining count of the indictment as against defendant.  Defendant

5  agrees, however, that at the time of sentencing the Court may

6  consider any dismissed charge in determining the applicable

7  Sentencing Guidelines range, the propriety and extent of any

8  departure from that range, and the sentence to be imposed.

9        d.   At the time of sentencing, provided that defendant

10  demonstrates an acceptance of responsibility for the offense up to

11  and including the time of sentencing, recommend a two-level reduction

12  in the applicable Sentencing Guidelines offense level, pursuant to

13  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

14  additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

16    4.   Defendant understands that for defendant to be guilty of

17  the crime charged in Counts Five and Eight, that is, Obtaining

18  Custody of a Minor for Purposes of Producing Child Pornography, in

19  violation of 18 U.S.C. §§ 2251A(b), the following must be true:

20        a.   Defendant purchased or otherwise obtained custody or

21  control of a minor, or offered to purchase or otherwise obtain

22  custody or control of a minor;

23        b.   Defendant knew that as a consequence of the purchase

24  or obtaining custody, the minor would be portrayed in a visual

25  depiction engaging in or assisting another person to engage in

26  sexually explicit conduct; or defendant intended to promote the

27  engaging in of sexually explicit conduct by the minor or the

28  rendering of assistance by the minor to another person to engage in

1   sexually explicit conduct, for the purpose of producing a visual

2   depiction of the conduct; and

3         c.   Either:

4             i.   The minor or defendant traveled or was

5   transported in or affecting interstate or foreign commerce; or

6             ii.   The offer was communicated or transported using

7   any means or facility of interstate or foreign commerce or in or

8   affecting interstate or foreign commerce by any means including by

9   computer; or

10            iii. The conduct took place in any territory or

11  possession of the United States.

12     5.   Defendant understands that for defendant to be guilty of

13  the crime charged in Counts One, Four, Six, Seven, and Nine, that is,

14  Production of Child Pornography, in violation of 18 U.S.C.

15  §§ 2251(a), (e), the following must be true:

16        a.   At the time of the offense, the victim was under the

17  age of 18 years old;

18        b.   Defendant employed, used, persuaded, or coerced the

19  victim to take part in sexually explicit conduct for the purpose of

20  producing a visual depiction of such conduct; and

21        c.   Either:

22            i.   Defendant knew or had reason to know that the

23  visual depiction would be mailed or transported across state lines or

24  in foreign commerce; or

25            ii.   The visual depiction was produced using materials

26  that had been mailed, shipped, or transported across state lines or

27  in foreign commerce; or

28

9

1          iii. The visual depiction was mailed or actually
2  transported across state lines or in foreign commerce; or
3  The visual depiction affected interstate commerce.
4      6.    Defendant understands that for defendant to be guilty of
5  the crime charged in Count Twelve, that is, Enticement of a Minor to
6  Engage in Criminal Sexual Activity, in violation of 18 U.S.C.
7  §§ 2422(b) the following must be true:
8          a.    Defendant used a means or facility of interstate or
9  foreign commerce to knowingly persuade, induce, entice, or coerce an
10 individual to engage in criminal sexual conduct; and
11         b.    If the sexual activity had occurred, the defendant
12 could have been charged with a criminal offense under the laws of
13 California.   In California, it is a criminal offense to engage in:
14         i.    Statutory Rape of a minor under the age of 16
15 when the perpetrator is over 21 years old, in violation of California
16 Penal Code, Section 261.5(d); and
17         ii.   Lewd Acts with a Minor Child of 14 or 16 years
18 old, in violation of California Penal Code, Section 288(c)(1); and
19         c.    The individual defendant persuaded, induced, enticed,
20 or coerced was under the age of 18.
21                    PENALTIES AND RESTITUTION
22     7.    Defendant understands that the statutory maximum sentence
23 that the Court can impose for each violation of 18 U.S.C. §§ 2251A(b)
24 is: lifetime imprisonment; a lifetime period of supervised release; a
25 fine of $250,000 or twice the gross gain or gross loss resulting from
26 the offense, whichever is greatest; and a mandatory special
27 assessment of $100.
28
                                10

1    8.    Defendant understands that the statutory mandatory minimum
2    sentence that the Court must impose for each violation of Title 18,
3    United States Code, Sections 2251A(b) is: 30 years' imprisonment; a
4    five-year period of supervised release; and a mandatory special
5    assessment of $100.

6    9.    Defendant understands that the statutory maximum sentence
7    that the Court can impose for each violation of 18 U.S.C. §§ 2251(a),
8    (e) is: 30 years' imprisonment; a lifetime period of supervised
9    release; a fine of $250,000 or twice the gross gain or gross loss
10   resulting from the offense, whichever is greatest; and a mandatory
11   special assessment of $100.

12   10.   Defendant understands that the statutory mandatory minimum
13   sentence that the Court must impose for each violation of Title 18,
14   United States Code, Sections 2251(a), (e) is: 15 years' imprisonment;
15   a five-year period of supervised release; and a mandatory special
16   assessment of $100.

17   11.   Defendant understands that the statutory maximum sentence
18   that the Court can impose for each violation of 18 U.S.C. §§ 2422(b)
19   is: lifetime imprisonment; a lifetime period of supervised release; a
20   fine of $250,000 or twice the gross gain or gross loss resulting from
21   the offense, whichever is greatest; and a mandatory special
22   assessment of $100.

23   12.   Defendant understands that the statutory mandatory minimum
24   sentence that the Court must impose for each violation of Title 18,
25   United States Code, Sections 2422(b) is: 10 years' imprisonment; a
26   five-year period of supervised release; and a mandatory special
27   assessment of $100.

28

13.   Defendant understands that the total maximum sentence for all offenses to which defendant is pleading guilty is: lifetime imprisonment; a lifetime period of supervised release; a fine of $1,750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and eight mandatory special assessments of $100.

14.   Defendant understands that the total minimum sentence for all offenses to which defendant is pleading guilty is: 30 years imprisonment; a five-year period of supervised release; and mandatory special assessments of $800.

15.   Defendant also understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment per count of conviction in this case, if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

16.   Defendant understands that, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 found in 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $50,000 per count of conviction for Production of Child Pornography and Obtaining Custody of a Minor for Purposes of Producing Child Pornography.

17.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

12

1    of the term of supervised release authorized by statute for the

2    offense that resulted in the term of supervised release.

3        18.   Defendant understands that as a condition of supervised

4    release, under Title 18, United States Code, Section 3583(d),

5    defendant will be required to register as a sex offender.  Defendant

6    understands that independent of supervised release, he will be

7    subject to federal and state registration requirements, for a

8    possible maximum term of registration up to and including life.

9    Defendant further understands that, under Title 18, United States

10   Code, Section 4042(c), notice will be provided to certain law

11   enforcement agencies upon his release from confinement following

12   conviction

13       19.   Defendant understands that defendant will be required to

14   pay full restitution to the victim(s) of the offense to which

15   defendant is pleading guilty.  Defendant agrees that, in return for

16   the USAO's compliance with its obligations under this agreement, the

17   Court may order restitution to persons other than the victim(s) of

18   the offense to which defendant is pleading guilty and in amounts

19   greater than those alleged in the count to which defendant is

20   pleading guilty.  In particular, defendant agrees that the Court may

21   order restitution to any victim of any of the following for any

22   losses suffered by that victim as a result: (a) any relevant conduct,

23   as defined in U.S.S.G. § 1B1.3, in connection with the offense to

24   which defendant is pleading guilty; and (b) any count dismissed and

25   charges not prosecuted pursuant to this agreement as well as all

26   relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

27   those charges and count.

28

13

20.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

21.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.   Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.   Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.   Defendant nevertheless affirms that he wants to plead guilty

14

1   regardless of any immigration consequences that his pleas may entail,

2   even if the consequence is automatic removal from the United States.

3                                FACTUAL BASIS

4        22.   Defendant admits that defendant is, in fact, guilty of the

5   offenses to which defendant is agreeing to plead guilty.  Defendant

6   and the USAO agree to the statement of facts provided below and agree

7   that this statement of facts is sufficient to support a plea of

8   guilty to the charges described in this agreement but is not meant to

9   be a complete recitation of all facts relevant to the underlying

10  criminal conduct or all facts known to either party that relate to

11  that conduct.

12      **A.   Defendant's Sexual Abuse of Minor Victims 1, 2, and 4**
             **(Counts One and Four Through Nine)**

13

14       From at least January 10, 2016, through January 27, 2018,

15  defendant produced child pornography of his sexual conduct with three

16  mentally and physically disabled children in his custody and care.

17  From 2014 to 2016, in March 2017, and from December 2017 to January

18  2018, defendant was employed as a Certified Nursing Assistant at a

19  group home for disabled children and adults in Chino, California (the

20  "Group Home"), which is within the Central District of California.

21       Typically, defendant's role at the Group Home was to be the sole

22  night-time care giver for approximately six mentally and physically

23  disabled minor residents in the minor resident building.  These

24  disabled minor residents in his care included Minor Victim 1, Minor

25  Victim 2, and Minor Victim 4.  Defendant typically worked the

26  nocturnal shift (midnight to 6:00 a.m.), at defendant's request.

27  Typically, defendant worked this shift alone.  The nocturnal shift

28

                                    15

1    was typically staffed with only one person, whereas the daytime
2    shifts tended to have more employees present.

3        Among defendant's duties, defendant was entrusted with the
4    safety, wellbeing, and medical care for Minor Victim 1, Minor Victim
5    2, and Minor Victim 4.

6        While employed at the Group Home defendant engaged in sexual
7    conduct with Minor Victim 1, Minor Victim 2, and Minor Victim 4 and
8    filmed some of this sexual conduct.  Defendant also distributed files
9    depicting his sexual abuse of Minor Victim 1 and discussed his sexual
10   interest in children with numerous other individuals he met on the
11   internet.  Defendant also distributed files depicting his sexual
12   abuse of Minor Victim 1 to local individuals he knew offline,
13   including co-defendant Registered Nurse CYR BANGUGUILAN
14   ("BANGUGUILAN") and co-defendant MIGUEL BOCARDO ("BOCARDO") on
15   Telegram.

16       Defendant and BANGUGUILAN knew each other socially from work.
17   At some point defendant and BANGUGUILAN began discussing defendant's
18   sexual interest in children on Telegram.  On one occasion,
19   BANGUGUILAN told defendant "Nice. I saw the girl with your cock."
20   Defendant responded "Ya she cute little thing.  Have lots."
21   Defendant and BANGUGUILAN were discussing files defendant distributed
22   to BANGUGUILAN depicting defendant sexually abusing Minor Victim 1.
23   Defendant told BANGUGUILAN that he had access to children that he
24   sexually abused.  Defendant sent multiple files to BANGUGUILAN
25   depicting child pornography of Minor Victim 1.

26       Defendant distributed a file to BANGUGUILAN depicting defendant
27   inserting his penis into Minor Victim's 1's anus, with the message "I
28   put it in her butt" followed by two water drop emojis and a fire

16

1  emoji.  This file appears to match one of the files defendant
2  produced on January 27, 2018.  In total, defendant sent BANGUGUILAN
3  approximately 10-20 videos of defendant sexually abusing minor
4  victims, including Minor Victim 1.

5      Defendant also sent sexual abuse images to his local friend
6  BOCARDO. On Telegram, defendant told BOCARDO that he routinely
7  engaged in sexual conduct with children at the Group Home he worked
8  at, invited BOCARDO to engage in sexual acts with Minor Victim 1,
9  sent BOCARDO files depicting defendant's sexual acts with Minor
10 Victim 1, and admitted that he would sometimes bribe the children at
11 the Group Home with candy bars to facilitate his sexual abuse.

12     Defendant's most recent sexual chat about sexual activity with
13 children with both BOCARDO and BANGUGUILAN occurred on August 24,
14 2021.  Defendant was arrested in this case on August 25, 2021.

15          1.   Minor Victim 1

16     Minor Victim 1 was placed in the Group Home to be cared for
17 since at least 2015.  According to her medical records, of which
18 defendant had access, Minor Victim 1 had severe mental disabilities
19 and required the use of a colostomy bag.  Minor Victim 1 was largely
20 non-verbal at the time defendant started abusing her, and to this day
21 has very limited verbal abilities.

22     When the first documented abuse by defendant of Minor Victim 1
23 in January 2016 occurred, Minor Victim 1 was approximately 6 years
24 old.  The latest document abuse of Minor Victim 1 by defendant
25 occurred in January 2018, when she was approximately 8 years old.

26     Defendant knew Minor Victim 1 was between 6 and 8 years old from
27 January 2016 to January 2018 from both his observation at the time of
28

                                17

1    the abuse and from her medical records, of which he had access to and
2    looked at for his work.

3              2.    Minor Victim 2

4        Minor Victim 2 was placed in the Group Home in at least 2013.
5    Minor Victim 2 has been diagnosed with severe mental disabilities
6    developed as a result of major trauma suffered when she was
7    approximately 3 years old.  Minor Victim 2 requires the use of a
8    feeding tube and a wheelchair.  Minor Victim 2 is largely non-verbal.
9    At the time defendant created the child pornography of Minor Victim
10   2, Minor Victim 2 was approximately 12 years old.  Defendant knew
11   Minor Victim 2 was approximately 12 years old in January 2018 both
12   from his observation at the time of the abuse and from her medical
13   records which included her date of birth, of which he had access to
14   and looked at for his work.

15             3.    Minor Victim 4

16       Minor Victim 4 was admitted to the Group Home in at least 2008.
17   Minor Victim 4 has severe mental disabilities and is non-verbal.
18   Minor Victim 4 is also deaf and blind.  Minor Victim 4 is confined to
19   a wheelchair, and typically wears a diaper.  In March 2017, Minor
20   Victim 4 was 17 years old.  Defendant knew that Minor Victim 4 was
21   not yet 18 years old because he reviewed her medical records which
22   included her date of birth, of which he had access to and looked at
23   for work.

24             a.    January 10, 2016

25       On January 10, 2016 (Count 1), defendant created child
26   pornography of Minor Victim 1's vagina with defendant's penis
27   positioned approximately 2 inches from her vagina.  Minor Victim 1's
28   colostomy bag and urination pad were visible in the image.  This file

                                    18

1   is titled: "663c5bd871bc97cff0fe0be455414f6d1.0-1.jpg."  Defendant
2   admits that this file was child pornography which was produced using
3   materials that had been transported in interstate or foreign commerce,
4   and this visual depiction affected interstate and foreign commerce.
5   Defendant admits that he produced this file using a Samsung Galaxy S5
6   cellular phone and transferred it to his LG G6 cellular phone.  Samsung
7   and LG are Korean company for which components for their Samsung Galaxy
8   S5 and LG G6 cellular phones and the cellular phones themselves are
9   materials transported in foreign commerce.

10                     *b.    March 15, 2017*

11        On March 15, 2017 (Count 4), defendant produced at least two
12   videos of child pornography depicting defendant anally penetrating
13   Minor Victim 4 with his penis while Minor Victim 4 is face down on
14   the tile floor of the bathroom at the Group Home.  These files are
15   titled "20170315_014555.mp4" and "20170315_014749.mp4."  In one of
16   the videos RODRIGUEZ identifies Minor Victim 4 by name and identifies
17   that he is having anal sex with Minor Victim 4.  Defendant uploaded
18   these files onto his Google Cloud account via the internet, which
19   means the files moved in and affected interstate and foreign
20   commerce.  Defendant also admits that these visual depictions
21   affected interstate and foreign commerce.

22                     *c.    December 2017 to January 2018*

23        Except for a few days in March 2017, defendant largely did not
24   work at the Group Home on any regular basis from 2016 to until
25   December 2017.

26        In December 2017, defendant communicated by cellular telephone,
27   an instrumentality of interstate commerce, with the administrator of

28

                              19

the Group Home.  Defendant's cellphone provider was Sprint, a
telecommunication provider that operated in interstate commerce.

In these cellular telephone communications with the Group Home
provider, defendant asked to return to work at the Group Home to work
overnight shifts at the Group Home.  One of defendant's primary and
predominate purposes in re-establishing this employment was to gain
custody/control over the minors at the Group Home to create child
pornography depicting Minor Victim 1 and Minor Victim 2 engaged in
sexual acts with defendant.  Furthermore, these communications
ultimately resulted in defendant regaining custody and control over
Minor Victim 1 and 2 for the primary purpose of producing child
pornography depicting them both on January 1.

Defendant engaged in further cellular telephone communications
with the Group Home provider to obtain custody/control over the
minors at the Group Home on January 27, 2018, for which one of
defendant's primary and predominate purposes was to producing child
pornography of Minor Victim 1.  Defendant ultimately was successful
in regaining custody/control over Minor Victim 1 on January 27, 2018
and was able to produce child pornography depicting Minor Victim 1.

On January 1, 2018 (Counts 5 and 6), defendant produced over a
dozen child pornography video files and images depicting his sexual
assault of Minor Victim 1 and Minor Victim 2 between approximately
12:52 a.m. to 04:11 a.m.  Defendant's child pornography on this date
of Minor Victim 1 included but is not limited to the following files:
a video file depicting defendant pulling back Minor Victim 1's onesie
and exposing her vagina and anus titled "20180101_005258.mp4;" a
video file depicting defendant forcing Minor Victim 1's head down to
his genital area to engage in oral copulation of defendant's penis

20

1   while defendant said "suck on it," titled "20180101_005747.mp4;" a

2   video file depicting defendant orally copulating Minor Victim 1,

3   titled "20180101_010134.mp4;" and a video file which depicted

4   defendant rubbing the inside folds of Minor Victim 1's vagina with

5   the head of his penis, titled "20180101_041109.mp4."  Defendant

6   admits that all of these visual depictions affected interstate and

7   foreign commerce.

8        Defendant uploaded the "20180101_005747.mp4" and

9   "20180101_010134.mp4" files onto his Google Cloud account via the

10  internet, which means the files moved in and affected interstate and

11  foreign commerce.

12       On January 1, 2018 (Counts 5 and 7) defendant also filmed his

13  abuse of Minor Victim 2.  In one video, defendant filmed himself

14  penetrating Minor Victim 2 with his penis.  This file was titled,

15  "20180101_014805.mp4."

16       On January 27, 2018 (Count 9), defendant produced at least four

17  videos of child pornography depicting defendant sexually abusing

18  Minor Victim 1.  Defendant produced the following videos that day:

19  two videos of defendant performing oral copulation on Minor Victim 1

20  titled "20180127_011432.mp4," and "20 180127_011654.mp4;" a video of

21  defendant attempting to touch his penis to Minor Victim 1's anus

22  titled "20180127_011802.mp4;" and a video of defendant touching his

23  penis to Minor Victim 1's anus titled "20180127_011903.mp4."

24       On January 27, 2018, defendant's shift was to work from 12 a.m.

25  to 6 a.m. when his relief was scheduled to arrive.  Defendant arrived

26  shortly after 12 a.m., produced child pornography, then before 2:00

27  a.m. defendant abandoned the Group Home residents without care,

28

1   including Minor Victim 1. Defendant left within an hour of the

2   completion of his production of child pornography of Minor Victim 1.

3        Defendant admits that the files titled: "20180101_005258.mp4,"

4   "20180101_041109.mp4," "20180101_014805.mp4," "20180127_011432.mp4,"

5   "20180127_011654.mp4," "20180127_011802.mp4," and

6   "20180127_011903.mp4" were files of child pornography produced using

7   materials that had been transported in interstate or foreign

8   commerce, and these visual depiction affected interstate and foreign

9   commerce.  Defendant admits that he produced these files using an LG

10  G6 cellular phone.

11       **B.   Defendant's Sexual Abuse of Minor Victim 3 (Count 12)**

12       From an unknown date to at least June 24, 2020, defendant used

13  the internet, a cellular telephone, and internet chat applications on

14  a cellular telephone, all of which are facilities and means of

15  interstate and foreign commerce, to persuade, entice, and induce

16  Minor Victim 3 into engaging in criminal sexual acts with defendant.

17  At the time of these communications, defendant knew that Minor Victim

18  3 was under the age of 18 and believed that she was approximately 15

19  years old.

20       Defendant knew that he was persuading, enticing, and inducing

21  Minor Victim 3 into engaging in Statutory Rape of a Minor Under the

22  age of 16 with a Perpetrator Over the Age of 21, and Lewd Acts with a

23  Minor Child of 14 or 15 years old, in violation of California law.

24       Specifically, on November 25, 2019, defendant, using an internet

25  messaging application on his phone, told Minor Victim 3 he wanted to

26  have sex with her without a condom and that he would "pull out"

27  meaning not ejaculate inside her.  Minor Victim 3 was 15 at the time

28  of this chat.

1    On June 24, 2020, defendant, using an internet messaging
2    application on his phone called Text Free, told Minor Victim 3 that
3    he would have sex with Minor Victim 3 on Friday.

4    Defendant also made multiple videos later found by law
5    enforcement of defendant having sex with Minor Victim 3 when she was
6    approximately 15 years old.  On December 8, 2019, defendant filmed
7    defendant having intercourse with Minor Victim 3 in defendant's car.
8    On May 1, 2020, defendant filmed a video of himself orally copulating
9    Minor Victim 3 and having vaginal intercourse with Minor Victim 3 in
10   a hotel room.

11                          SENTENCING FACTORS

12   23.  Defendant understands that in determining defendant's
13   sentence the Court is required to calculate the applicable Sentencing
14   Guidelines range and to consider that range, possible departures
15   under the Sentencing Guidelines, and the other sentencing factors set
16   forth in 18 U.S.C. § 3553(a).  Defendant understands that the
17   Sentencing Guidelines are advisory only, that defendant cannot have
18   any expectation of receiving a sentence within the calculated
19   Sentencing Guidelines range, and that after considering the
20   Sentencing Guidelines and the other § 3553(a) factors, the Court will
21   be free to exercise its discretion to impose any sentence it finds
22   appropriate between the mandatory minimum and up to the maximum set
23   by statute for the crime of conviction.

24   24.  Defendant and the USAO agree to the following applicable
25   Sentencing Guidelines factors:

26   **Production Of Child Pornography**

27   **Count 1**

28   Base Offense Level:      32    U.S.S.G. § 2G2.1(a)

23

Specific Offense Characteristics:

    Custody/supervisory control (Minor Victim 1):

                +2   U.S.S.G. § 2G2.1(b)(5)

    Minor Under Twelve: +4   U.S.S.G. § 2G2.1(b)(1)(A)

Victim Related Adjustments:

    Vulnerable Victim:  +2   U.S.S.G. § 3A1.1(b)(1)

Defendant Role in Offense:

    Abuse of Position of Trust:

                +2   U.S.S.G. § 3B1.3

**Total Offense Level:**    **42**

**Count 4**

    Base Offense Level:   32   U.S.S.G. § 2G2.1(a)

    Specific Offense Characteristics:

        Custody/supervisory control (Minor Victim 4):

                +2   U.S.S.G. § 2G2.1(b)(5)

    Sexual Act/Contact: +2   U.S.S.G. § 2G2.1(b)(2)(A)

    Sadistic Conduct:  +4   U.S.S.G. § 2G2.1(b)(4)(A)

Victim Related Adjustments:

    Vulnerable Victim:  +2   U.S.S.G. § 3A1.1(b)(1)

Defendant Role in Offense:

    Abuse of Position of Trust:

                +2   U.S.S.G. § 3B1.3

**Total Offense Level:**    **44**

**Count 6**

    Base Offense Level:   32   U.S.S.G. § 2G2.1(a)

    Specific Offense Characteristics:

```
1          Custody/supervisory control (Minor Victim 1):
2                          +2   U.S.S.G. § 2G2.1(b)(5)
3          Minor Under Twelve: +4   U.S.S.G. § 2G2.1(b)(1)(A)
4          Sexual Contact:    +2   U.S.S.G. § 2G2.1(b)(2)(A)
5      Victim Related Adjustments:
6          Vulnerable Victim: +2   U.S.S.G. § 3A1.1(b)(1)
7          Restrained Victim: +2   U.S.S.G. § 3A1.3
8      Defendant Role in Offense:
9          Abuse of Position of Trust:
10                         +2   U.S.S.G. § 3B1.3
11     Total Offense Level:    46
12
13  Count 7
14     Base Offense Level:    32   U.S.S.G. § 2G2.1(a)
15     Specific Offense Characteristics:
16          Custody/supervisory control (Minor Victim 2):
17                         +2   U.S.S.G. § 2G2.1(b)(5)
18        · Minor Twelve to Sixteen:
19                         +2   U.S.S.G. § 2G2.1(b)(1)(B)
20          Sexual Contact:    +2   U.S.S.G. § 2G2.1(b)(2)(A)
21     Victim Related Adjustments:
22          Vulnerable Victim: +2   U.S.S.G. § 3A1.1(b)(1)
23     Defendant Role in Offense:
24          Abuse of Position of Trust:
25                         +2   U.S.S.G. § 3B1.3
26     Total Offense Level:    42
27
28
```

**Count 9**

     Base Offense Level:     32   U.S.S.G. § 2G2.1(a)

     Specific Offense Characteristics:

          Custody/supervisory control (Minor Victim 1):

                       +2   U.S.S.G. § 2G2.1(b)(5)

          Distribution:     +2   U.S.S.G. § 2G2.1(b)(3)

          Minor Under 12:   +4   U.S.S.G. § 2G2.1(b)(1)(A)

          Sexual Contact:   +2   U.S.S.G. § 2G2.1(b)(2)(A)

          Sadistic Conduct:  +4   U.S.S.G. § 2G2.1(b)(4)(A)

     Victim Related Adjustments:

          Vulnerable Victim: +2   U.S.S.G. § 3A1.1(b)(1)

     Defendant Role in Offense:

          Abuse of Position of Trust:

                       +2   U.S.S.G. § 3B1.3

     **Total Offense Level:**     **50**


**Obtaining Custody of Child to Produce Child Pornography**

**Count 5**

     Base Offense Level:     38   U.S.S.G. § 2G2.3(a)

     Victim Related Adjustments:

          Vulnerable Victim: +2   U.S.S.G. § 3A1.1(b)(1)

     Defendant Role in Offense:

          Abuse of Position of Trust:

                       +2   U.S.S.G. § 3B1.3

     **Total Offense Level:**     **42**


**Count 8**

     Base Offense Level:     38   U.S.S.G. § 2G2.3(a)

26

Victim Related Adjustments:

    Vulnerable Victim:  +2    U.S.S.G. § 3A1.1(b)(1)

Defendant Role in Offense:

    Abuse of Position of Trust:

                    +2    U.S.S.G. § 3B1.3

**Total Offense Level:**    **42**

**Enticement**

**Count 12**

Base Offense Level:    28    U.S.S.G. § 2G1.3(a)(3)

Specific Offense Characteristics:

    Use of Computer:   +2    U.S.S.G. § 2G1.3(b)(3)(A)

    Sex Act/Contact:   +2    U.S.S.G. § 2G1.3(b)(4)(A)

**Total Offense Level:**    **32**

25.  Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

26.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

27.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

28.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

1          c.    The right to be represented by counsel -- and if
2    necessary have the Court appoint counsel -- at trial.  Defendant
3    understands, however, that, defendant retains the right to be
4    represented by counsel -- and if necessary have the Court appoint
5    counsel -- at every other stage of the proceeding.

6          d.    The right to be presumed innocent and to have the
7    burden of proof placed on the government to prove defendant guilty
8    beyond a reasonable doubt.

9          e.    The right to confront and cross-examine witnesses
10   against defendant.

11         f.    The right to testify and to present evidence in
12   opposition to the charges, including the right to compel the
13   attendance of witnesses to testify.

14         g.    The right not to be compelled to testify, and, if
15   defendant chose not to testify or present evidence, to have that
16   choice not be used against defendant.

17         h.    Any and all rights to pursue any affirmative defenses,
18   Fourth Amendment or Fifth Amendment claims, and other pretrial
19   motions that have been filed or could be filed.

20                    WAIVER OF APPEAL OF CONVICTION

21      29.   Defendant understands that, with the exception of an appeal
22   based on a claim that defendant's guilty plea was involuntary, by
23   pleading guilty defendant is waiving and giving up any right to
24   appeal defendant's convictions on the offenses to which defendant is
25   pleading guilty.  Defendant understands that this waiver includes,
26   but is not limited to, arguments that the statutes to which defendant
27   is pleading guilty are unconstitutional, and any and all claims that
28

                                  28

1   the statement of facts provided herein is insufficient to support

2   defendant's plea of guilty.

3                 WAIVER OF APPEAL AND COLLATERAL ATTACK

4        30.   Defendant gives up the right to appeal all of the

5   following: (a) the procedures and calculations used to determine and

6   impose any portion of the sentence; (b) the term of imprisonment

7   imposed by the Court, including, to the extent permitted by law, the

8   constitutionality or legality of defendant's sentence, provided it is

9   within the statutory maximum; (c) the fine imposed by the Court,

10  provided it is within the statutory maximum; (d) the amount and terms

11  of any restitution order; (e) the term of probation or supervised

12  release imposed by the Court, provided it is within the statutory

13  maximum; and (f) any of the following conditions of probation or

14  supervised release imposed by the Court: the conditions set forth in

15  Second Amended General Order 20-04 of this Court; the drug testing

16  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the

17  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

18  and and any conditions of probation or supervised release agreed to

19  by defendant in paragraph 2.1 above.

20       31.   Defendant also gives up any right to bring a post-

21  conviction collateral attack on the convictions or sentence,

22  including any order of restitution, except a post-conviction

23  collateral attack based on a claim of ineffective assistance of

24  counsel, a claim of newly discovered evidence, or an explicitly

25  retroactive change in the applicable Sentencing Guidelines,

26  sentencing statutes, or statutes of conviction.  Defendant

27  understands that this waiver includes, but is not limited to,

28  arguments that the statutes to which defendant is pleading guilty are

29

1   unconstitutional, and any and all claims that the statement of facts

2   provided herein is insufficient to support defendant's pleas of

3   guilty.

4       32.  This agreement does not affect in any way the right of the

5   USAO to appeal the sentence imposed by the Court.

6                   RESULT OF WITHDRAWAL OF GUILTY PLEA

7       33.  Defendant agrees that if, after entering a guilty plea

8   pursuant to this agreement, defendant seeks to withdraw and succeeds

9   in withdrawing defendant's guilty plea on any basis other than a

10   claim and finding that entry into this plea agreement was

11   involuntary, then (a) the USAO will be relieved of all of its

12   obligations under this agreement; and (b) should the USAO choose to

13   pursue any charge that was either dismissed or not filed as a result

14   of this agreement, then (i) any applicable statute of limitations

15   will be tolled between the date of defendant's signing of this

16   agreement and the filing commencing any such action; and

17   (ii) defendant waives and gives up all defenses based on the statute

18   of limitations, any claim of pre-indictment delay, or any speedy

19   trial claim with respect to any such action, except to the extent

20   that such defenses existed as of the date of defendant's signing this

21   agreement.

22            RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23       34.  Defendant agrees that if any count of conviction is

24   vacated, reversed, or set aside, the USAO may: (a) ask the Court to

25   resentence defendant on any remaining counts of conviction, with both

26   the USAO and defendant being released from any stipulations regarding

27   sentencing contained in this agreement, (b) ask the Court to void the

28   entire plea agreement and vacate defendant's guilty pleas on any

1   remaining counts of conviction, with both the USAO and defendant
2   being released from all their obligations under this agreement, or
3   (c) leave defendant's remaining convictions, sentence, and plea
4   agreement intact.   Defendant agrees that the choice among these three
5   options rests in the exclusive discretion of the USAO.

6                      EFFECTIVE DATE OF AGREEMENT

7        35.   This agreement is effective upon signature and execution of
8   all required certifications by defendant, defendant's counsel, and an
9   Assistant United States Attorney.

10                        BREACH OF AGREEMENT

11       36.   Defendant agrees that if defendant, at any time after the
12   signature of this agreement and execution of all required
13   certifications by defendant, defendant's counsel, and an Assistant
14   United States Attorney, knowingly violates or fails to perform any of
15   defendant's obligations under this agreement ("a breach"), the USAO
16   may declare this agreement breached.   All of defendant's obligations
17   are material, a single breach of this agreement is sufficient for the
18   USAO to declare a breach, and defendant shall not be deemed to have
19   cured a breach without the express agreement of the USAO in writing.
20   If the USAO declares this agreement breached, and the Court finds
21   such a breach to have occurred, then: (a) if defendant has previously
22   entered a guilty plea pursuant to this agreement, defendant will not
23   be able to withdraw the guilty pleas, and (b) the USAO will be
24   relieved of all its obligations under this agreement.

25       37.   Following the Court's finding of a knowing breach of this
26   agreement by defendant, should the USAO choose to pursue any charge
27   that was either dismissed or not filed as a result of this agreement,
28   then:

                                    31

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

38.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

39.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

32

1   to the United States Probation and Pretrial Services Office and the

2   Court, (b) correct any and all factual misstatements relating to the

3   Court's Sentencing Guidelines calculations and determination of

4   sentence, and (c) argue on appeal and collateral review that the

5   Court's Sentencing Guidelines calculations and the sentence it

6   chooses to impose are not error.  While this paragraph permits both

7   the USAO and defendant to submit full and complete factual

8   information to the United States Probation and Pretrial Services

9   Office and the Court, even if that factual information may be viewed

10  as inconsistent with the facts agreed to in this agreement, this

11  paragraph does not affect defendant's and the USAO's obligations not

12  to contest the facts agreed to in this agreement.

13      40.  Defendant understands that even if the Court ignores any

14  sentencing recommendation, finds facts or reaches conclusions

15  different from those agreed to, and/or imposes any sentence up to the

16  maximum established by statute, defendant cannot, for that reason,

17  withdraw defendant's guilty plea, and defendant will remain bound to

18  fulfill all defendant's obligations under this agreement.  Defendant

19  understands that no one -- not the prosecutor, defendant's attorney,

20  or the Court -- can make a binding prediction or promise regarding

21  the sentence defendant will receive, except that it will be between

22  the statutory mandatory minimum and the statutory maximum.

23                      NO ADDITIONAL AGREEMENTS

24      41.  Defendant understands that, except as set forth herein,

25  there are no promises, understandings, or agreements between the USAO

26  and defendant or defendant's attorney, and that no additional

27  promise, understanding, or agreement may be entered into unless in a

28  writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

42. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE CHRISTENSEN
Acting United States Attorney

_____                    10/7/22
SCOTT M. LARA                                 Date
Assistant United States Attorney

_____                    9/28/22
STEVE JACKSON RODRIGUEZ                        Date
Defendant

_____                    9/28/22
JARED OLEN  GEORGE KARL ROSOUSTOCH             Date
Attorney for Defendant STEVE
JACKSON RODRIGUEZ

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

34

1  representations of any kind have been made to me other than those
2  contained in this agreement.  No one has threatened or forced me in
3  any way to enter into this agreement.  I am satisfied with the
4  representation of my attorney in this matter, and I am pleading
5  guilty because I am guilty of the charge and wish to take advantage
6  of the promises set forth in this agreement, and not for any other
7  reason.

8  _____          9|28|22
9  STEVE JACKSON RODRIGUEZ                    Date
   Defendant
10

11              CERTIFICATION OF DEFENDANT'S ATTORNEY
12       I am STEVE JACKSON RODRIGUEZ's attorney.  I have carefully and
13  thoroughly discussed every part of this agreement with my client.
14  Further, I have fully advised my client of his rights, of possible
15  pretrial motions that might be filed, of possible defenses that might
16  be asserted either prior to or at trial, of the sentencing factors
17  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
18  provisions, and of the consequences of entering into this agreement.
19  To my knowledge: no promises, inducements, or representations of any
20  kind have been made to my client other than those contained in this
21  agreement; no one has threatened or forced my client in any way to
22  enter into this agreement; my client's decision to enter into this
23  agreement is an informed and voluntary one; and the factual basis set
24  forth in this agreement is sufficient to support my client's entry of
25  a guilty plea pursuant to this agreement.
26
   _____          9|28|22
27  JARED OLEN GEORGE KARL ROSENSTOCK      Date
   Attorney for Defendant
28  STEVE JACKSON RODRIGUEZ

                              35